United States Bankruptcy Court
Southern District of Texas

**ENTERED**

March 30, 2026

Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| LURIN REAL ESTATE HOLDINGS XXI, LLC, *et al.* | § | Case No. 26-90344 (ARP) |
| | § | |
| Jointly Administered Debtors[1] | § | |
| | § | |
| Tax I.D. No. 84-2894679 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| LURIN REAL ESTATE HOLDINGS XI, LLC   Debtor | § | Case No.  26-90432 (ARP) |
| | § | |
| Tax I.D. No.  83-1451195 | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| LURIN REAL ESTATE HOLDINGS XXXVIII, LLC   Debtor | § | Case No.  26-90431 (ARP) |
| | § | |
| Tax I.D. No.  86-3912868 | § | |

**THIRD ORDER (I) DIRECTING JOINT ADMINISTRATION OF RELATED**
**CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

[Relates to Docket No. __86]

---

[1]   The term "Jointly Administered Debtors" refers to Lurin Real Estate Holdings XXI, LLC, Lurin Real Estate Holdings XXVIII, LLC, Lurin Real Estate Holdings XXXIII, LLC, and Lurin Real Estate Holdings LXV, LLC, which are jointly administered under the orders at Docket Nos. 26 and 68.

18305616

2

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to jointly administer their Chapter 11 Cases for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and upon the Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

2    Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

2

18305616

1.      The Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by the Court under the case number assigned to Lurin Real Estate Holdings XXI, LLC, Case No. 26-90344 (ARP).

2.      The following checked items are ordered:

      a.      ☒  All of the jointly administered cases not previously assigned to Judge Pérez are transferred to Judge Pérez.

      b.      ☒  One disclosure statement and plan of reorganization may be filed for all of the cases by a plan proponent.

      c.      ☒  Parties may request joint hearings on matters pending in any of the jointly administered cases.

      d.      ☒  Other:  See below.

3.      The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| LURIN REAL ESTATE HOLDINGS XXI, LLC, *et al.*[1] | § § § | Case No. 26-90344 (ARP) |
| Debtors. | § § § § | (Jointly Administered) |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification number, are Lurin Real Estate Holdings XXI, LLC (4679), Lurin Real Estate Holdings XXVIII, LLC (3122), Lurin Real Estate Holdings XXXIII, LLC (0626), Lurin Real Estate Holdings, LXV, LLC (6138), Lurin Real Estate Holdings XI, LLC (1195), and Lurin Real Estate Holdings XXXVIII, LLC (2868). The location of the Debtors' service address is: 2101 Cedar Springs, Suite 1050, Dallas, TX 75201.

4.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.      All pleadings and other papers filed in these Chapter 11 Cases shall bear the foregoing consolidated caption.

3

18305616

6.      A docket entry, substantially similar to the following, shall be entered on the dockets of each of the Debtors other than Lurin Real Estate Holdings XXI, LLC:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the Chapter 11 Cases of: Lurin Real Estate Holdings XXI, LLC (Case No. 26-90344 (ARP)), Lurin Real Estate Holdings XXVIII, LLC (Case No. 26-90391 (ARP)), Lurin Real Estate Holdings XXXIII, LLC (Case No. 26-90392 (ARP)), Lurin Real Estate Holdings LXV, LLC (Case No. 26-90424 (ARP)), Lurin Real Estate Holdings XI, LLC (Case No. 26-90432 (ARP)), and Lurin Real Estate Holdings XXXVIII, LLC (Case No. 26-90431 (ARP)). **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 26-90344 (ARP).**

7.      The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas (the "Clerk of Court") shall keep, one consolidated docket, one file, and one consolidated service list for these Chapter 11 Cases.

8.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9.      Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules, the Bankruptcy Local Rules, and the Complex Case Procedures are satisfied by such notice.

10.     Notwithstanding any Bankruptcy Rule or Bankruptcy Local Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11.     The Debtors and the Clerk of Court are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

18305616

5

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: March 30, 2026

_____
Alfredo R Pérez
United States Bankruptcy Judge

5

18305616